DATE: May 23, 2021

FILED
IN CLERKS OFFICE

2021 JUN 17 AM 11: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

Dear Clerk:

Approximately two weeks ago I sent copies of the foregoing documents to the Court for filing. However, I have yet to see said documents appear on the docket. Due to the urgency of this matter, the fact that I am a Pro Se incarcerated inmate, and the strong possibility that the Court never received the previously mailed documents, I have updated the attached letter to Judge Saris and am now re-sending said letter with exhibits and attachments for filing. Thank you for your efforts.

Very Truly,

Shaun Miller 99741-038
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

DATE: May 23, 2021

TO: The Honorable Patti B. Saris
1 Courthouse Way, Suite 2300
Boston, MA 02210

FROM: Shaun D. Miller
Reg. No. 99741-038
MDC Brooklyn
P.O.BOX 329002
Brooklyn, NY 11232

RE: Criminal case No. 1:16 CR 10096- PBS
Pending Motion for Compassionate Release filed 1/25/21

Dear Your Honor:

    I am writing in regards to my Motion for Compassionate Release, filed Pro Se on January 25, 2021, which is currently pending before this Court. In March of 2021 I received a correspondence letter from Attorney James Cipoletta, advising me that he was following up on a February 11, 2021 letter in which he allegedly informed me that he was appointed to represent me in the aforementioned motion (a letter that I never received). Mr. Cipoletta then informed me that he would like to supplement my motion and requested that I let him know if I would not like legal representation in the matter (please see Exhibit 1).

    Although I had not requested legal representation through the Court in this matter, I was greatly appreciative of the fact that this Court would appoint Mr. Cipoletta to represent me and looked forward to working with him. I then sent Mr. Cipoletta a 3-page letter with attachments (a & b), expressing certain concerns I had in the matter and asking that he email me a copy of his supplemental memorandum prior to him filing anything further with the Court (please see Exhibit 2 with attachments a & b).

    I have since spoken with Mr. Cipoletta twice over the phone. Both conversations were very brief. In the first conversation, which took place on or about March 22, 2021, Mr. Cipoletta gave me very vague details about case-laws and exactly what arguments he intended to raise in his memorandum. At that time Mr. Cipoletta then made a statement that left me rather concerned as to whether or not he in fact takes my current situation seriously. When I asked Mr. Cipoletta about what case-laws he intended on referencing in his supplemental report, Mr. Cipoletta replied, "Oh, just some cases where a few inmates tried to basically scam their way out of prison because of COVID-19." I then sent Mr. Cipoletta an email request via Corrlinks, which Mr. Cipoletta quickly accepted. However, Mr. Cipoletta has not responded to any of my actual emails since accepting that request.

    After our first conversation, I then gave Mr. Cipoletta approximately four weeks before I would give him another call. During our second conversation, Mr. Cipoletta informed me that he was unaware of the emails I had sent him. At that time Mr. Cipoletta then went into his email account and pulled up two unread messages from myself. I asked Mr. Cipoletta how things were going in regards to his supplementing my motion. Mr. Cipoletta's response was that he was almost finished researching more case-laws and that he would send me an email copy of the memorandum when finished.

    It has now been approximately 5 weeks since my last conversation with Mr. Cipoletta and I have not heard anything from him. Furthermore, it has been over 90 days since Mr. Cipoletta has been appointed to represent me in this matter and almost four months since my initial filing of the Emergency Motion. I have done some research and learned that these supplemental memorandums should take no more than a few weeks to complete. I believe this should indeed be the case here with Mr. Cipoletta, as I have already done the majority of the footwork myself when preparing the Motion Pro se.

    I am now growing concerned about Mr. Cipoletta's intentions and whether or not he takes this matter seriously. The conditions here at the prison have not changed, and I have still yet to be seen by a doctor in regards to my current medical concerns. I am extremely grateful for the Court's appointment of counsel in this matter. However, whereas Mr. Cipoletta has

shown bare minimum efforts to assist me in this matter since his February 2021 appointment along with comments made during recorded phone conversations which make me question how seriously he takes Compassionate Release cases, I would hereby like to ask the Court to take my Pro Se motion into consideration prima-facia.

Additionally, as of May 1, 2021, I am happy to announce that my release address has changed for the better. My sister, Brianna Miller, and her two young children have now relocated to a completely new town, far from Cape Cod, where my life of crime all began over 20 years ago. Now, I can finally leave my past completely behind me and start over fresh. I have a number of job opportunities in that town. I have also been able to save up enough money from working here at the prison to remain stable until landing my first job upon release. The new address that I am seeking to be released to, along with my sister's information, is as follows:

Brianna Miller
Telephone Number: (508-360-6560)
302 Hope Street, unit 2
Fall River, MA 02721

Furthermore, I have recently been evaluated for RRC placement by the case manager here at the prison (Mrs. Cuyler) and have received a recommended RRC placement date of 1-6-22. If confirmed, I would then be transferred to the halfway house in Boston for six months, before serving the last six months of my sentence on home confinement. Although I am excited to be released from prison and to begin moving forward with my life at that time, I have some very serious concerns regarding my safety and well-being at the halfway house in Boston. Over the past several years I have heard rumors of possible retaliation upon myself from individuals associated with certain co-defendant's in this matter, which could very well turn deadly if acted upon. My hope is that the Court will take this likeliness of this possibility into consideration as well, and at the very least grant me Home Confinement for the last year of my sentence so that I may remain safe in a town where nobody knows my location.

Finally, in an April 2020 decision made by United States District Court Judge Nathaniel M. Gorton, Judge Gorton ruled that the defendant's "two-week confinement in solitary quarantine in a higher security facility is the equivalent of two months in the camp in which he was originally assigned." See United States v. Macfarlane, Criminal Action No. 19-10131-NMG, 2020 WL 186631 (D.Mass) at *1. Between the months of April 1, 2020 and February 17, 2021 I spent approximately 12-24 hours a day confined to my cell (depending on what day of the week it was) due to COVID-19. I am a minimum security (camp status) inmate, who, prior to COVID-19, was never locked in a cell at MDC Brooklyn for any period of time or for any reason. If the Court were to concede with Judge Gorton's calculations in United States v. Macfarlane, then that would mean that having spent (at the very least) six whole months locked inside of a cell since the COVID-19 pandemic first began, I am considered to have served the equivalent of 24 months in the camp cadre unit at MDC Brooklyn as it was prior to the virus.

I therefore ask the Court to take the aforementioned information into consideration, and I thank you, Your Honor, for your genuine concern in this matter.

Very Truly,

*Shaun Miller*

Shaun Miller
Reg. No 99741-038
MDC Brooklyn
P.O. BOX 329002
Brooklyn, NY 11232