UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                )<br>)<br>SHAUN MILLER,                          )<br>)<br>Defendant.                           ) | No. 16-cr-10096-PBS |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S *PRO SE*
MOTION FOR COMPASSIONATE RELEASE FROM INCARCERATION**

The United States of America, through counsel, submits this opposition to the Motion for Compassionate Release under 18 U.S.C. § 3582(c) ("Motion"), ECF Dkt. 1262, filed *pro se* by Shaun Miller ("Miller").[1]

Miller is an admittedly-healthy 35-year-old male. His motion for compassionate release is based solely on his obesity: a condition that he developed for the first time in October 2020, at least six months into the COVID-19 pandemic. Although the CDC has recognized that obesity presents a risk factor for illness due to COVID-19 and can constitute an "extraordinary and compelling reason" sufficient to warrant modification of his sentence pursuant to § 3582(c), release is nevertheless unwarranted here, particularly now. MDC Brooklyn has zero active cases of COVID-19 among the inmate population, and nearly 50% of the inmates are fully vaccinated. As such, Miller's weight should not present an extraordinary and compelling reason under the circumstances.

---

[1] Miller has filed a number of supplemental letter briefs in support of his motion. *See* Dkts. 1265, 1273, 1276, 1278. This opposition is intended to address and oppose all such filings. Although he was originally appointed counsel for purposes of filing a supplemental brief in support of his motion, Miller has since requested to proceed *pro se* and counsel has withdrawn from the matter. Dkt. 1279. As such, pursuant to the Court's Order, the government hereby responds to the defendant's *pro se* filing. *See* Dkt. 1277.

Even if Miller were able to satisfy the "extraordinary and compelling reason" threshold necessary to consider compassionate release, the balance of the remaining factors set forth in § 3553(a) weigh strongly against his release. For being only 35 years old, Miller has amassed a lengthy criminal history that qualified him as a career offender and armed career criminal. He was convicted in this Court for possessing large quantities of heroin as well as firearms. Miller's prior criminal conduct belies any current claim of rehabilitation and his history of violence and use of weapons suggests that Miller would present an unacceptable risk of danger and non-compliance were he to be released.

Finally, Miller was sentenced to 90 months' incarceration and has served approximately 60 months. To release him so early would result in disparate treatment among similarly-situated defendants, and would fail to provide just punishment or adequate deterrence for the serious role he played in a dangerous drug trafficking organization.

For all of these reasons, this Court should deny Miller's motion for release.

## I. BACKGROUND

### A. Miller's Criminal History

Miller's convictions here were just the latest in a line of serious prior convictions. Following several juvenile adjudications, Miller started trafficking dangerous drugs and possessing firearms at the age of 18. PSR ¶¶ 171-172. While serving his 5-7 year sentence for this offense, Miller had multiple disciplinary infractions, including assaulting another inmate. *Id*. At age 25, Miller was again caught distributing drugs. *Id*. at ¶ 173. Miller also has multiple arrests for violent offenses, including armed assault with intent to murder and assault and battery with a dangerous weapon. *Id*. at ¶¶ 181, 182.

Based on this history, Probation determined that Miller was a career offender and armed career criminal, *Id.* at ¶¶ 176-177, and calculated his guideline sentencing range as 180-210 months. *Id.* at p. 62.

### B. Miller's Criminal Conduct in this Case

In October 2016, Miller pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession of a firearm by a convicted felon. In his plea agreement, Miller admitted that he was responsible for between 80 and 100 grams of heroin. On October 20, 2017, the Court sentenced Miller to 90 months' imprisonment for his role in the Cape Cod criminal organization. Dkt. 956.

## II.   APPLICABLE LEGAL FRAMEWORK

Section 3582(c) begins with the principle that "a court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States,* 560 U.S. 817, 824-25 (2010). "[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule" barring modification. *United States v. Cunningham,* 554 F.3d 703, 708 (7th Cir. 2009); *cf. United States v. Goodwyn,* 596 F.3d 233, 235 (4th Cir. 2010) (noting that 18 U.S.C. § 3582(b) "states that a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so").

Section 3582(c)(1)(A) represents an exception to this general rule. The statute, adopted as part of the Sentencing Reform Act of 1984, originally permitted judicial relief only upon a motion by the BOP Director. The provision was amended by Section 603(b) of the First Step Act, effective

December 21, 2018. Under the statute as amended, a court may now consider a defendant's motion for compassionate release following the exhaustion of his or her administrative remedies with the BOP or 30 days after submitting a request to the appropriate Warden, whichever is sooner. 18 U.S.C. § 3582(c)(1)(A). The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines.

### A. The Extraordinary and Compelling Reason Requirement

Once the threshold precondition of administrative exhaustion is satisfied, the court may modify a sentence only if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[2] The proposed reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG § 1B1.13(2). The court must also consider, in general, whether the § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The defendant bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease").

---

[2] Section 3582(c)(1)(A)(ii) provides other bases by which a defendant may be eligible for compassionate release; however, none of these factors are applicable in this case.

### B. State of the COVID-19 Pandemic

The COVID-19 pandemic has presented an unprecedented risk to the worldwide community, including to individuals and staff at jails and prisons. While COVID-19 has taken an immeasurable toll on communities around the world, the United States is beginning to see the light at the end of the tunnel. Herculean efforts to vaccinate the nation are well under way, and infection rates continue to drop. There are currently zero active cases of COVID-19 at MDC Brooklyn, the facility at which Miller is housed, and approximately half of the inmates are already fully vaccinated.[3] It is the government's hope that Miller will receive his vaccination soon.

### III. ARGUMENT

While the government shares Miller's concern for his safety and wellbeing, he simply has not established that he is entitled to early release. Even assuming Miller's obesity constituted an extraordinary and compelling reason for his release, the remaining factors—particularly his repeated involvement in serious drug trafficking and his demonstrated proclivity for the use of weapons and violence—would nonetheless support his continued incarceration.

### A. Miller's Obesity Does Not Constitute and Extraordinary and Compelling Reason for His Release Under the Circumstances

The CDC has determined that obesity can make it more likely for an individual to become seriously ill after contracting COVID-19. *See* CDC, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (hereinafter "CDC COVID-19 Guidance"). Even according to Miller's own account, though, he only recently became obese, months into the pandemic. Miller states that he began gaining weight in October 2020 and continued to gain weight through December 2020,

---

[3] *See* https://www.bop.gov/coronavirus/# (last accessed June 24, 2021).

rendering him medically obese[4] by the time of his January 2021 *pro se* motion for compassionate release. Dkt. 1262 at 3. According to medical records from MDC Brooklyn, Miller has no other medical issues. The CDC reports that 42.5% of Americans over the age of 20 are obese.[5] Miller's new obesity—a condition which impacts millions of Americans—cannot qualify as an extraordinary or compelling reason for his release. *See, e.g.*, *United States v. Reynoso*, No. 17-10350, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021) (denying compassionate release where defendant's only condition with increased risk for COVID-19 was obesity and he did not show it substantially diminished capacity to care for himself); *United States v. Acevedo*, No. 12-10120, 2021 WL 242021, at *1 (D. Mass. Jan. 25, 2021) (finding lack of extraordinary and compelling reasons for release where "obesity [was] the only one of his medical conditions that definitively place[d] him at an increased risk of severe illness from COVID-19"); *United States v. German*, 2020 DNH 172, 2020 WL 5849530, at *2 (D.N.H. Oct. 1, 2020) (finding no evidence that German's obesity with a 36 BMI "puts him at so elevated a risk of harm as to justify his release," noting other districts have "declined to order the release of otherwise healthy and relatively young inmates whose obesity is their only risk factor" for COVID-19 complications); *see also United States v. Price*, No. 15-20472, 2020 WL 5440164, at *5 (E.D. Mich. Sept. 10, 2020) (noting "this Court has declined to order the release of otherwise healthy and relatively young inmates with obesity as their only cognizable risk factor, absent other indications of serious medical risk," and collecting cases). Miller's obesity should not qualify as an extraordinary and compelling reason for his early release here, and his Motion should be denied.

---

[4] Miller states that he believes his BMI is approximately 33. The CDC classifies a BMI of over 30 as obese, and over 40 as severely obese.

[5] https://www.cdc.gov/nchs/fastats/obesity-overweight.htm

### B. The § 3553(a) Sentencing Factors Overwhelmingly Support Miller's Continued Incarceration

Even if Miller's obesity provided an extraordinary and compelling reason warranting consideration for compassionate release pursuant to § 1B1.13(1)(A), he must still demonstrate that he will not pose a danger, and that his proposed release is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). This, in turn, requires consideration of the factors expressed in 18 U.S.C. § 3553(a)—including, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to provide the defendant with needed . . . medical care or other correctional treatment; the applicable guidelines; and pertinent Sentencing Commission policy statements. *See* USSG § 1B1.13.

Upon consideration of these factors, the scale tips overwhelmingly in favor of Miller's continued incarceration. As noted above, Miller qualified as a career offender and armed career criminal at the age of 31. Miller's involvement in criminal activities dates back to when he was a teenager and demonstrates a proclivity towards violence, including physical assaults and using firearms and other weapons. This history makes him a danger if he were to be released early. Further, as evidenced by his lifelong criminal conduct, Miller has affirmatively established that he will continue to reoffend and that he remains at a high risk for recidivism. Finally, releasing Miller after serving just 60 months of his 90-month sentence would result in disparate treatment among similarly-situated defendants, and would fail to provide just punishment or adequate deterrence.

### IV.   CONCLUSION

The COVID-19 pandemic is an unprecedented public health emergency that has caused great concern throughout the world. It does not, however, require the release of all federal inmates. This is particularly true now that vaccinations are readily available and nearly half of all inmates

7

at MDC Brooklyn have been vaccinated. Miller is a dangerous drug dealer who demonstrated a disregard for the law over an extended period of time. His motion for compassionate release should be denied.

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By:    */s/ Lauren A. Graber*
       LAUREN A. GRABER
       Assistant United States Attorney
       June 24, 2021

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and a copy mailed to defendant at MDC Brooklyn.

      */s/ Lauren A. Graber*
      LAUREN A. GRABER
      Assistant United States Attorney

June 24, 2021