TRULINCS 99741038 - MILLER, SHAUN - Unit: BRO-D-A

FILED IN CLERKS OFFICE

FROM: 99741038
TO:
SUBJECT:
DATE: 08/23/2021 10:05:57 PM

2021 AUG 27 PM 12: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

August 23, 2021

Dear Your Honor:

    This letter is in addition to my August 22, 2021 Letter Motion for Reconsideration of my Motion for Compassionate Release pursuant to the First Step Act that was denied on July, 29, 2021. I apologize for the inconvenience. However, overnight a plethora of case laws came into my possession in which indivuals who had very similar offenses and criminal backgrounds as myself were indeed granted compassionate release. If I may, Your Honor, please allow me to continue.

    As discussed in my August 22, 2021 "Letter Motion", this Court denied my request for Compassionate Release because I am a "career offender" and an "armed career criminal." Yet several courts have in fact granted compassionate release to so-called violent career offenders whose medical conditions constituted extraordinary and compelling reasons in light of COVID-19. See, e.g, United States v. Parker, 461 F. Supp. 3d 966, 982 (C.D. Cal. 2020) (granting compassionate release, notwithstanding defendant's "leadership of a drug distribution network, his abuse of position of trust, and his submitting a false tax return, " and the fact that offense involved weapon); United States v. Pena, 459 F. Supp. 3d 544, 547 (S.D.N.Y. 2020) (granting compassionate release of defendant who helped to organize an armed robbery); United States v. McCarthy, 453 F.Supp. 3d 520, 523 (D.Conn. 2020) (granting compassionate release of defendant convicted of armed bank robbery); United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D.Pa. 2020)(granting compassionate release of defendant whose "criminal history involve[d] a series of convictions for drug dealing" and case involved firearms offenses); United States v. Almontes, 2020 U.S. Dist. lexis 62524, 2020 WL 1812713, at *1 (D.Conn. Apr. 9, 2020)(granting compassionate release of defendant with drug and Section 924(c) conviction, who had been deemed a "career offender" based on prior assault and robbery convictions); United States v. Williams, 2020 U.S. Dist. LEXIS 63824, 2020 WL 1751545, at *4 (N.D. Fla. Apr. 1, 2020)(finding compassionate release appropriate for defendant convicted of armed bank robbery and brandishing a firearm during a crime of violence who had a prior criminal history including "six prior convictions for armed bank robbery and three prior convictions for bank robbery")

    Furthermore, in United States v. Parsons, the court ruled that the serious nature of a defendant's prior crimes and most recent offenses, "does not prohibit release when the term already served has achieved the purposes of sentencing" and stating "almost all federal prisoners have committed serious crimes. If generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar compassionate release, almost no one would be eligible." United States v. Parsons, 2020 U.S. Dist. LEXIS 228717, 2020 WL 7181119, at *2 (E.D. Pa. Dec. 7, 2020)(quoting United States v. Somerville,

TRULINCS  99741038 - MILLER, SHAUN - Unit: BRO-D-A

---

463 F. Supp. 3d 585, 602 (E.D. Pa. 2020)).

    Based on these decisions above, I move forward with my previous argument made in my August 22, 2021 "Letter Motion" that this Court erred in denying my Motion for Compassionate Release simply because of the nature of my instant offenses and my criminal history. I therefore ask this Court once more to please reconsider my Motion for Compassionate Release pursuant to Section 3582 (c)(1)(A)(i). Thank you, Your Honor.

                                                                                     Respectfully Submitted,

                                                                                     Shaun Miller, Pro Se
                                                                                     Reg. No. 99741-038
                                                                                     MDC Brooklyn
                                                                                     P.O.BOX 329002
                                                                                     Brooklyn, NY 11232

FILED IN CLERKS OFFICE  2021 AUG 27 PM 12: 24  U.S. DISTRICT COURT DISTRICT OF MASS.